```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| NAZIM KAHN                   | : |                              |
|                              | : |                              |
| v.                           | : | Civil Action No. DKC 2005-2603 |
|                              | : |                              |
| WASHINGTON GAS LIGHT COMPANY | : |                              |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this wrongful interference with business relationship case is the motion of Defendant Washington Gas Light Company to dismiss for failure to state a claim. (Paper 19). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Defendant's motion to dismiss.

**I. Background**

Plaintiff Nazim Kahn, a former employee of Defendant, contends that two other employees of Defendant, John Bunch and George Chska, caused Defendant to stop doing business with Plaintiff's automotive repair business, Naz Autobody. The following facts are based on Plaintiff's complaint, and are presented in the light most favorable to Plaintiff.

Plaintiff was employed by Defendant from 1987 until approximately July 31, 2002 to perform work unrelated to automotive repair. During the same period, Plaintiff also engaged in automotive repair under the name Naz Autobody, based in Accokee,

Maryland. Plaintiff's automotive repair business sometimes provided service for Defendant's company vehicles during this time. In 2001, Bunch and Chska became aware that Plaintiff was doing business with Defendant through Naz Autobody. Plaintiff alleges that upon so learning, Bunch and Chska began harassing him at work and attempted to persuade Defendant to cease doing business with Naz Autobody. Plaintiff contends that Defendant ceased doing business with Naz Autobody as a result of Bunch and Chska's activities.

Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland on July 25, 2005. Plaintiff asserts a claim for wrongful interference with a business relationship, alleging that Bunch and Chska wrongfully interfered with his business relationship, doing business as Naz Autobody, with Defendant. Plaintiff claims that Defendant is vicariously liable for Bunch and Chska's actions because they acted as its agents. Specifically Plaintiff alleges that "John Bunch and George Chska [acted] in the course of their employment with the Defendant, Washington Gas and . . . in the furtherance of the business interest of the Defendant, Washington Gas." (Paper 2, at 3 ¶ 10).

Defendant removed the case to this court on September 19, 2005 based on diversity of citizenship. This court dismissed the case without prejudice on November 15, 2005, because it appeared that Plaintiff had failed to serve Defendant. (Paper 10). Plaintiff

2

moved to vacate the Order of dismissal on November 23, 2005. The Court granted Plaintiff's motion on January 18, 2006, and reopened the case. (Paper 14). Defendant moved to dismiss this case on March 2, 2006, arguing that Plaintiff fails to state a claim for wrongful interference with a business relationship. Defendant argues that actions taken by an employee within the scope of an agency relationship with his employer cannot give rise to a wrongful interference cause of action based on any contract or business relationship involving the employer.

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510

3

U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

It is unclear based on the facts alleged in the complaint whether Virginia or Maryland law is likely to apply to this cause of action. Because the outcome of this motion would be the same under either state's law, it is not necessary to resolve the choice of law question.[1]

Maryland law recognizes that the "two general types of tort actions for interference with business relationships are inducing the breach of an existing contract and, more broadly, maliciously

---

[1] Defendant asserts that either Maryland or Virginia law might be applicable. (Paper 19, at 4). Plaintiff does not make any argument as to which state's law is applicable, but argues that Maryland law recognizes his cause of action. (Paper 21, at 2-3).

4

or wrongfully interfering with economic relationships in the absence of a breach of contract." *Natural Design, Inc. v. Rouse Co.*, 302 Md. 47, 69 (1984).  The tort applies more broadly when the interference impedes an actual contract and more narrowly when the interference concerns a mere business relationship.  *Id.*  The elements of wrongful interference with a business relationship are:

> "'(1) Intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting."

*Willner v. Silverman*, 109 Md. 341, 355 (1909); *see also K & K Mgmt., Inc. v. Lee*, 316 Md. 137, 155 (1989) (quoting *Willner*).

The Court of Appeals of Maryland

> ha[s] never permitted recovery for the tort of intentional interference with a contract when both the defendant and the plaintiff were parties to the contract.  Indeed, it is accepted that there is no cause of action for interference with a contract when suit is brought against a party to the contract.

*Wilmington Trust Co. v. Clark*, 289 Md. 313, 329 (1981).  Maryland courts have held on several occasions that employees of a party to a contract or business relationship are similarly incapable of committing the interference tort with respect to that contract or relationship, at least when acting as agents of the employer.  *See K & K Mgmt., Inc.*, 316 Md. at 170 n.14 ("we reject an analysis under which corporate officers, agents or employees, acting on

5

behalf of a corporation within the scope of their authority, . . . can maliciously interfere with [that corporation's] business relations"); *Bleich v. Florence Crittenton Servs. of Balt., Inc.*, 98 Md.App. 123, 147 (1993) ("when an employee acts within the scope of her employment, or as an agent of her employer, she cannot be held liable for interfering with the contract, business relationships, or economic relationships, between the employer and another"); *Cont'l Cas. Co. v. Mirabile*, 52 Md. App. 387, 402 (Md.Ct.Spec.App.), *cert. denied*, 294 Md. 652 (1982).

The Court of Special Appeals of Maryland has also concluded that employees acting as agents for purposes of vicarious liability cannot, as a matter of law, commit the tort of wrongful interference with a contract to which their employer is a party.

> Recovery is not permitted . . . where the defendant is a party to the contract. . . . The tort contemplates the interference of two parties' contractual relations by a third party. Appellee, in the same declaration in which he alleges wrongful interference with contractual relations, alleges that Klingler, Lewis and Sheehan "were acting as the agent[s], servant[s] and employee[s]" of [the defendant]. Klingler, Lewis and Sheehan cannot be [the defendant's] agents for the purposes of the first three counts and not for the purpose of the fourth count[, alleging wrongful interference with contract]. Because they were acting as [the defendant's] agents, they cannot be considered third parties and the claim must fall.

*Cont'l Cas. Co.*, 52 Md.App. at 402.

Likewise, under Virginia law, an employee can commit tortious interfere with a business relationship to which his employer is a party only if he acts outside the scope of his employment.

> The determination of whether Count III states a cause of action [for tortious interference with a contract] turns on the resolution of the scope of employment question.  A person cannot intentionally interfere with his own contract. . . .  Thus, if an evidentiary hearing establishes that [Defendant] was acting within the scope of his employment, then he was an agent of the City.  In that case, the City's contract was also his contract, and he could not interfere with it.

*Fox v. Deese*, 362 S.E.2d 699, 708 (1987).  One Virginia court has explicitly concluded that the test for scope of employment for these purposes is the same as that for vicarious liability of an employer.  *Burch v. Bon Secours-Richmond Health Sys.*, 67 Va.Cir. 401 (Va.Cir.Ct. 2005).

Plaintiff fails to state a claim for wrongful or tortious interference with a business relationship because he alleges that the interfering parties, Bunch and Chska, were acting "in the course of their employment with the Defendant . . . [and] in the furtherance of the business interest of the Defendant . . . ." (Paper 2 at 3 ¶ 10).  As discussed above, under both Maryland and Virginia law, employees acting within the scope of their employment cannot be liable for interfering with the contracts or business relationships of their employer.  *See, e.g., K & K Mgmt., Inc.*, 316 Md. at 170 n.14; *Fox*, 362 S.E.2d at 708.

7

Plaintiff argues that *K & K Management, Inc.* is distinguishable from the facts of this case because the employees in *K & K Management, Inc.* were employed to oversee the contract while Bunch and Chska were employed in Defendant's marketing department and had no regular employment duties related to securing automotive repair for Defendant's fleet. (Paper 21, at 2-3). On this basis, Plaintiff argues that Defendant should be regarded as different "entities" involved in different business transactions. This argument is unavailing. First, it conflicts with the allegation in Plaintiff's complaint that Bunch and Chska were acting within the scope of their employment when they acted to terminate Defendant's business relationship with Naz Autobody. (Paper 2, at 3 ¶ 10). Furthermore, Plaintiff cites no authority supporting his argument that Defendant, a single company, can be regarded as multiple entities capable, through its agents, of wrongfully interfering with its own business relationships. Finally, Plaintiff's allegation that Bunch and Chska had no employment duties related to automotive maintenance might suggest that Bunch and Chska acted outside the scope of their employment with Defendant in acting to end Defendant's business relationship with Naz Autobody. If this is Plaintiff's allegation, however, Plaintiff still fails to state a claim against Defendant, because Defendant would not be vicariously liable for actions taken by its employees outside the scope of their employment.

8

"[A] plaintiff's complaint is not subject to dismissal with prejudice unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of the allegations of the pleading."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 (3d ed. 2004); *see also Conley v. Gibson*, 355 U.S. at 45-46.  Dismissal with prejudice is appropriate under the circumstances.  Plaintiff cannot plead any set of facts that would establish liability on the part of Washington Gas Light Company.  As discussed above, if Bunch and Chska were acting within the scope of employment, they were Defendant's agents and cannot as a matter of law have interfered with Defendant's business relationship with Naz Autobody.  But if Bunch and Chska were acting outside the scope of their employment, then they were not acting as Defendant's agents under agency principles, and Defendant would not be vicariously liable for their actions.  *C.f. Cont'l Cas. Co.*, 52 Md.App. at 402; *Burch*, 67 Va.Cir. 401.

Plaintiff requests the opportunity to amend his complaint to add Bunch and Chska as defendants.  (Paper 21, at 3).  This request will be denied and Plaintiff's complaint dismissed with prejudice as to Washington Gas Light Company.  Including Bunch and Chska as defendants would not alter the conclusion, discussed above, that Plaintiff can allege no set of facts that would support any claim against Washington Gas Light Company based on the conduct alleged

9

in the complaint.  The dismissal of this action will not itself impede any action Plaintiff may choose to bring directly against Bunch and Chska.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted with prejudice.  A separate Order will follow.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```